IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALFRED SPINNEY and HOWARDYNE SPINNEY, ) | Civ. No. 05-00747 ACK/KSC |
| Plaintiffs, ) | |
| v. ) | |
| GREENWICH CAPITAL FINANCIAL PRODUCTS, INC. and OCWEN FEDERAL BANK, FSB, ) | |
| Defendants, ) | |
| STANTON CLAY CHAPMAN CRUMPTON & IWAMURA; GUY C. ZUKERAN; ROBERT E. CHAPMAN; GOVERNMENT AGENCIES 1-10; JOHN DOE AGENTS 1-10; AND JANE DOE AGENTS, ) | |
| Third-Party Defendants. ) | |

ORDER DISMISSING COMPLAINT WITH PREJUDICE

BACKGROUND

On December 5, 2005, Howardyne Spinney and Alfred Spinney ("Plaintiffs") filed a complaint in this Court against Greenwich Capital Financial Products, Inc. ("Greenwich") and Ocwen Federal Bank FBS.  See Amended Complaint and Application for Writ of Possession (hereinafter "Complaint").[1]  Stanton Clay

_____

[1]/The Complaint also names the Plaintiffs as "Real Parties in Interest" by "Special Appearance."

Chapman Crumpton & Iwamura, Guy C. Zukeran, Robert E. Chapman, Government Agencies 1-10, John Doe Agents 1-10, and Jane Doe Agents are named in the Complaint as "Third Party Defendants."

The Complaint alleges breach of contract and fraud stemming from a mortgage agreement and note entered into by Ms. Spinney.  See Complaint at 1-4.

On February 28, 2006, Ocwen Loan Servicing, LLC (as successor in interest to Ocwen Federal Bank, FSB), Clay Chapman Crumpton Iwamura & Pulice (as successor in interest to Stanton Clay Chapman Crumpton & Iwamura), Guy C. Zukeran, and Robert E. Chapman (collectively "Defendants") filed a Motion to Dismiss and/or for Summary Judgment.  On March 2, 2006, Defendants filed a Concise Statement in support of the Motion to Dismiss and/or for Summary Judgment.  On March 10, 2006, Plaintiffs filed an Opposition to the motion and a Supplement to Plaintiffs' Opposition.[2/]  On April 20, 2006, Defendants filed a Reply.  On

---

[2/]On March 30, 2006, this Court issued an order stating that it would treat a document entitled "Amendment of Pleadings and Supplemental Evidence to Plaintiff's Amended Complaint and Scheduling Conference Statement" as Plaintiffs' Opposition to the Motion to Dismiss and/or for Summary Judgment and that it would treat a document entitled "Commercial Notice of Amended Complaint and Bill in Equity" as Plaintiffs' Supplement to Plaintiffs' Opposition.  Prior to issuing that order, the Court contacted Mr. Spinney and asked him whether Plaintiffs intended one or both of these documents to constitute an amended complaint.  Mr. Spinney informed the Court that Plaintiffs intended for these documents to constitute Plaintiffs' opposition to the Motion to Dismiss and/or for Summary Judgment.

Plaintiffs did not file any document resembling a concise statement, which is required by Local Rule 56.1.  Nor do the

May 1, 2006, the Court held a hearing on the motion.  Pursuant to
the Court's permission given at the hearing, Defendants filed
supplemental declarations on May 1, 2006.

**STANDARD**

**I.    Standard for Motion to Dismiss for Lack of Subject Matter
       Jurisdiction**

A court's subject matter jurisdiction may be challenged
under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)").
"A party invoking the federal court's jurisdiction has the burden
of proving the actual existence of subject matter jurisdiction."
See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

On a Rule 12(b)(1) motion to dismiss for lack of
subject matter jurisdiction, the court is not "restricted to the
face of the pleadings, but may review any evidence, such as
affidavits and testimony, to resolve factual disputes concerning
the existence of jurisdiction."  McCarthy v. United States, 850
F.2d 558, 560 (9th Cir. 1988).  "Once the moving party [converts]
the motion to dismiss into a factual motion by presenting
affidavits or other evidence properly brought before the court,
the party opposing the motion must furnish affidavits or other
evidence necessary to satisfy its burden of establishing subject

_____

contents of Plaintiffs' filings appear to contradict the facts
set forth in Defendants' concise statement.  Pursuant to Local
Rule 56.1(g), material facts set forth in Defendants' concise
statement are deemed admitted for purposes of the motion for
summary judgment.

matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987). Thus, the moving party "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Casumpang v. Int'l Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

## II.   Standard for Motion for Summary Judgment

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is therefore appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is

entitled to judgment as a matter of law."[3/]   Fed. R. Civ. P. 56(c).

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case.  A genuine issue of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[4/]   Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 310 F.3d 1188, 1194 (9th Cir. 2002) (quoting Union Sch. Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir. 1994)) (internal citations omitted).  Conversely, where the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

The moving party has the burden of persuading the Court as to the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The moving party may do so with affirmative evidence or by "'showing'––that is pointing out to the district

---

[3/] Affidavits made on personal knowledge and setting forth facts as would be admissible at trial are evidence that a court may consider when determining whether a material issue of fact exists.  Fed. R. Civ. P. 56(e).  Legal memoranda and oral argument are not evidence and do not create issues of fact.  See British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

[4/] Disputes as to immaterial issues of fact do "not preclude summary judgment."  Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1478 (9th Cir. 1986).

court–that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  All evidence and reasonable inferences drawn therefrom are considered in the light most favorable to the nonmoving party.  See, e.g., T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630–31 (9th Cir. 1987).  So, too, the Court's role is not to make credibility assessments.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied.  Id. at 250–51.

Once the moving party satisfies its burden, however, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  See Celotex, 477 U.S. 322–23; Matsushita Elec., 475 U.S. at 586; Cal. Arch. Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).  Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); see also T.W. Elec. Serv., 809 F.2d at 630.  The nonmoving party must instead set forth "significant probative evidence" in support.  T.W. Elec. Serv., 809 F.2d at 630. Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential

to his case when that party will ultimately bear the burden of
proof at trial.[5/]  See Celotex, 477 U.S. at 322.

## III. Special Considerations for a Pro Se Litigant

When a plaintiff proceeds pro se, the pleadings must be
read more liberally than pleadings drafted by counsel.  Haines v.
Kerner, 404 U.S. 519, 520-21 (1972); Eldridge v. Block, 832 F.2d
1132, 1137 (9th Cir. 1987).  However, "a pro se litigant is not
excused from knowing the most basic pleading requirements."
American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d
1104, 1107-08 (9th Cir. 2000) (citations omitted).  Before a
district court may dismiss a pro se complaint for failure to
state a claim upon which relief can be granted, the court must
provide the pro se litigant with notice of the deficiencies of
the complaint and an opportunity to amend the complaint, if the
deficiencies can be cured, prior to dismissal.  See Ferdik v.
Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge, 832 F.2d

---

[5/] When the moving party also has the burden of proof in an
element of a claim, it has the "burden of establishing a prima
facie case on the motion for summary judgment."  UA Local 343 of
the United Ass'n of Journeymen v. Nor-Cal Plumbing, Inc., 48 F.3d
1465, 1471 (9th Cir. 1995).  Upon showing a prima facie case, the
burden of production shifts and it becomes "incumbent on [the
nonmoving party] to 'set forth specific facts showing that there
is a genuine issue for trial,' by evidence cognizable under that
rule."  Id. (quoting Fed. R. Civ. P. 56(e)); Charles Alan Wright
et al., Federal Practice & Procedure § 2727 (3d ed. 1998).  The
ultimate burden of persuasion as to the non-existence of any
genuine issues of material fact remains on the moving party.
Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102
(9th Cir. 2000); accord Dye v. United States, 121 F.3d 1399, 1409
(10th Cir. 1997).

at 1136.

## DISCUSSION

### I.    Treatment of "Third Party Defendants"

Federal Rule of Civil Procedure 14 ("Rule 14") governs third-party practice.  Pursuant to Rule 14(b), a plaintiff may cause a third-party to be brought into an action only when a counterclaim has been asserted against the plaintiff.  <u>See</u> Fed. R. Civ. P. 14(b); <u>see also</u> Fed. R. Civ. P. 14(a).  In this case, the original complaint purports to name "third-party defendants." Pursuant to Rule 14, however, a plaintiff may not use the initial complaint to designate "third-party defendants" because no counterclaim has been asserted against the plaintiff.  <u>See</u> Fed. R. Civ. P. 14(b); <u>see also</u> Fed. R. Civ. P. 14(a).

The parties named as third-party defendants in the Complaint do not seek dismissal on the basis of having been mis-identified as third-party defendants.  Given Plaintiffs' <u>pro</u> <u>se</u> status, the Court will construe the Complaint liberally. Accordingly, the Court will treat Clay Chapman Crumpton Iwamura & Pulice (as successor in interest to Stanton Clay Chapman Crumpton & Iwamura), Guy C. Zukeran, and Robert E. Chapman as defendants in this action, rather than improperly named third-party defendants.  Collectively with Ocwen Loan Servicing, LLC (as successor in interest to Ocwen Federal Bank, FSB), the Court will

8

refer to these parties as "Defendants."[6/]

## II.  Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") requires that the pleading which sets forth a claim for relief (in this case, Plaintiffs' Complaint) contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."  Fed. R. Civ. P. 8(a).  The Complaint contains no such statement and the Court can find no basis for subject matter jurisdiction over the Complaint.

The Complaint alleges two claims: (1) breach of contract and (2) fraud.  No federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because neither of these claims arise under the Constitution, laws, or treaties of the United States.  <u>See</u> 28 U.S.C. § 1331.  Rather, these claims both arise under Hawaii common law.[7/]

---

[6/]It appears that the parties named as third party defendants in the Complaint have not been properly served in this action.  <u>See</u> Reply at 2, n.1.  While the Court notes that dismissal without prejudice is warranted as to these parties pursuant to Federal Rule of Civil Procedure 4(m), the parties do not seek dismissal on this basis.  As discussed <u>infra</u>, Greenwich was not served and is also subject to dismissal on this basis. Finally, it appears that Ocwen Federal Bank FSB was properly served in this action.  <u>See</u> Exhibits to Plaintiffs' Opposition.

[7/]In the Opposition, Plaintiffs refer to a number of federal laws.  <u>See</u> Opposition at 3-4.  The Court will not consider any causes of action not alleged in the Complaint, however, and the Complaint contains no reference to any federal cause of action. Moreover, as discussed below, it would be futile for Plaintiffs to amend the Complaint to allege these federal claims because they would be barred by res judicata.

Nor does 28 U.S.C. § 1332 provide this Court with
subject matter jurisdiction.  Assuming the matter in controversy
exceeds $75,000,[8/] diversity of citizenship does not exist.  See
28 U.S.C. § 1332.  "For a case to qualify for federal
jurisdiction under 28 U.S.C. § 1332(a), there must be complete
diversity of citizenship between the parties opposed in
interest."  See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th
Cir. 2004).  Plaintiffs allege that they are residents of Hawaii.
See Complaint at 1.  Clay Chapman Crumpton Iwamura & Pulice is a
law firm incorporated in the State of Hawaii with its principal
place of business in the State of Hawaii.  See Declaration of
Robert E. Chapman at 2 (May 1, 2006); see also 28 U.S.C. §
1332(c)(1) (corporation is deemed to be a citizen of the state(s)

---

[8/]Plaintiffs have alleged that they have "suffered damages
equal to or greater than the total amount of money paid to the
defendant for the disputed account" and seek "return of all
monies tendered to the defendant" and possession of the property
that was foreclosed upon.  See Complaint at 3, 4.  Plaintiffs
seek additional damages for harm to Ms. Spinney's credit rating.
Id. at 3.  Documents attached to the Complaint indicate Ms.
Spinney took out a $75,000 mortgage with initial monthly payments
of $602.93 beginning on June 1, 1998.  See Complaint, Exhibits A
and C.  Beginning in May 2000, the interest rate on the loan was
subject to adjustment, which could have resulted in changes to
Ms. Spinney's monthly payments.  See Complaint, Exhibit C.
According to the Complaint, a foreclosure action was filed in
September 2001 and in April 2003 Ms. Spinney received a mortgage
payoff quote of $111,089.78.  See Complaint at 3.  According to
an order entered in the State Action, the property was sold at
foreclosure for $201,000.  See Order Approving Report of
Commissioner, Confirming Commissioner's Sale of Property at
Public Auction, Directing Distribution of Proceeds and for a Writ
of Possession at 3 (Sept. 17, 2003).

in which it is incorporated and where it has its principal place of business); <u>Kuntz</u>, 385 F.3d at 1181–1183 (finding that an unconventional corporation should be treated as a corporation for purposes of diversity jurisdiction if it has been incorporated under state law).  Similarly, Guy C. Zukeran and Robert E. Chapman are citizens of the State of Hawaii.  <u>See</u> Declaration of Robert E. Chapman at 2 (May 1, 2006); Declaration of Guy C. Zukeran at 2 (May 1, 2006).  Therefore, complete diversity does not exist so this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332.  <u>See</u> 28 U.S.C. § 1332(a); <u>Kuntz</u>, 385 F.3d at 1181.

        For these reasons, the Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction.  <u>See</u> <u>Nieto-Santos v. Fletcher Farms</u>, 743 F.2d 638 (9th Cir. 1984) (affirming dismissal of complaint for lack of subject matter jurisdiction where neither 28 U.S.C. § 1331 nor 28 U.S.C. § 1332 conveyed jurisdiction).  The Court finds that amendment of the Complaint would be futile because, as described in the subsequent sections of this order, Plaintiffs' claims are barred by res judicata and collateral estoppel.  Since it would be an exercise in futility to amend the Complaint and any amended complaint would be subject to dismissal, the Court dismisses the Complaint with prejudice. <u>See</u> <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which

any amendment would be an exercise in futility" . . . "or where the amended complaint would also be subject to dismissal;" in such a case, dismissal with prejudice is proper).

## III. Res Judicata and Collateral Estoppel

This Court finds that amendment of Plaintiffs' Complaint would be futile because Plaintiffs' claims are barred by res judicata and collateral estoppel.  Defendants assert that a foreclosure action brought by Greenwich against Ms. Spinney in Hawaii state court (the "State Action") bars Plaintiffs' claims.[9]

To determine whether a state court decision precludes a party from litigating a claim or issue in federal court, the federal court must apply the res judicata rules of the state court in which the prior judgment was rendered.  See Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005); Pedrina v. Chun, 906 F. Supp. 1377, 1399 (D. Haw. 1995), aff'd 97 F.3d 1296 (9th Cir. 1996).

---

[9]To the extent that the Complaint could be interpreted to seek a direct appeal from the final judgment of the state court, this federal court would lack subject matter jurisdiction over the appeal pursuant to the Rooker-Feldman doctrine.  See Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under Rooker-Feldman, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.").  Assuming that the Complaint is not a direct appeal of the state court judgment, res judicata and collateral estoppel bar Plaintiffs' claims.

Under Hawaii case law, "res judicata comprises two separate doctrines or rules" of preclusion: "res judicata" and "collateral estoppel." In re Dowsett Trust, 7 Haw. App. 640, 644, 791 P.2d 398, 401 (Haw. Ct. App. 1990); see also Santos v. State of Hawaii, 64 Haw. 648, 651-652, 646 P.2d 962, 965 (Haw. 1982).[10/]  Generally, the doctrines of res judicata and collateral estoppel prevent parties from relitigating claims or issues that have already been decided by a competent tribunal. See Pedrina, 906 F. Supp. at 1398; Santos, 64 Haw. at 651-652.

Under the doctrine of res judicata (also known as claim preclusion),

> The judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.

Bush v. Watson, 81 Haw. 474, 479-480, 918 P.2d 1130, 1135-1136 (Haw. 1996) (quoting Morneau v. Stark Enters., Ltd., 56 Haw. 420, 422-423, 539 P.2d 472, 474-475 (Haw. 1975)); see also Aga v. Hundahl, 78 Haw. 230, 248, 891 P.2d 1022, 1040 (Haw. 1995).

---

[10/]Some courts prefer the use of the more modern terms "claim preclusion" and "issue preclusion." See Migra v. Warren City School District Board of Education, 465 U.S. 75, 77 n.1 (1984); Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988); see also In re Dowsett Trust, 7 Haw. App. at 644 n.2. This Court will use the terms res judicata and collateral estoppel to refer to the doctrines of claim preclusion and issue preclusion because these former terms are used by the Hawaii courts.

Collateral estoppel (also known as issue preclusion) is

an aspect of res judicata which precludes the
relitigation of a fact or issue which was previously
determined in a prior suit on a different claim between
the same parties or their privies . . . . Collateral
estoppel also precludes relitigation of facts or issues
previously determined by one not a party in a prior
suit against one who was a party in that suit and who
himself raised and litigated the fact or issue.

Bush, 81 Haw. at 480 (quoting Morneau, 56 Haw. at 423); Aga, 78

Haw. at 248 (same).

The three critical issues to which Hawaii courts look

in determining whether the doctrines of res judicata and

collateral estoppel are applicable are: (1) "Was the issue

decided in the prior adjudication identical with the one

presented in the action in question?" (2) "Was there a final

judgment on the merits?" and (3) "Was the party against whom the

[doctrine] is asserted a party or in privity with a party to the

prior adjudication?"  See Santos, 64 Haw. at 653; see also Bush,

81 Haw. at 480.

This Court has previously framed the analysis under

these three critical issues as the following: "Claim preclusion

is applicable only where (1) the claim asserted in the action in

question was or could have been asserted in the prior action; (2)

the parties in the present action are identical to, or in privity

with, the parties in the prior action; and (3) a final judgment

on the merits was rendered in the prior action." Pedrina, 906 F.

Supp. at 1399.  "Issue preclusion requires that (1) the issue

14

decided in the prior adjudication is identical with the one presented in the present action; (2) the party against whom issue preclusion is asserted was a party to the prior action or in privity with a prior party; and (3) there was a final judgment on the merits."  <u>Id.</u>, 906 F. Supp. at 1402.

    **A.**   **Res Judicata Analysis**

       **1.**  **Same Claim**

      "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or a series of connected transactions, as the 'claim' asserted in the first action."  <u>Kauhane v. Acutron Co., Inc.</u>, 71 Haw. 458, 464, 795 P.2d 276, 279 (Haw. 1990) (citing Restatement (Second) of Judgments § 24 (1982)).  All claims arising from a single injury must be raised in a single action or they will be barred by res judicata.  <u>See Silver v. Queen's Hospital</u>, 63 Haw. 430, 437, 629 P.2d 1116, 1122 (Haw. 1981); <u>Pedrina</u>, 906 F. Supp. at 1401.  Thus, res judicata precludes not only the issues which were actually litigated in the first action, but also all grounds of claim and defense which might have been properly litigated in the first action, even where those grounds were not actually litigated or decided.  <u>See Bush</u>, 81 Haw. at 480; <u>Santos</u>, 64 Haw. at 652.

      In this federal court action, Plaintiffs are asserting

claims for breach of contract and fraud stemming from the mortgage agreement and note that Ms. Spinney entered into in 1998. That same mortgage agreement and note formed the basis of the State Action, in which Greenwich (the assignee of the mortgagee's interest in the mortgage and note) sought and obtained foreclosure on Ms. Spinney's real property based on Ms. Spinney's default on the mortgage and note. <u>See</u> State Action "Findings of Undisputed Fact, Conclusions of Law and Order" at 2-3 (attached to Def. Con. St. as Exhibit B). Plaintiffs' current claims that Defendants breached the mortgage and note and engaged in fraud related to that mortgage and note are claims arising out of the same transaction or series of transactions as the State Action claims that Ms. Spinney defaulted on the mortgage and note and that as a result her property was subject to foreclosure.[11] Indeed, Plaintiffs recognize that the "disputes arising in this case are identical to those which might arise in nearly every

---

[11]At the hearing, Mr. Spinney referred to an alleged contract, separate from the mortgage and note, between Plaintiffs and one or more defendants. Mr. Spinney represented that he provided a copy of the contract (or papers related to the contract) to the state judge in the State Action. Attached to the Supplement to Plaintiffs' Opposition in this case are copies of documents that may be or relate to the alleged contract(s). The Court notes that these documents are signed by Ms. Spinney but not by any defendant. The Court finds that these documents and/or any alleged contract are part of the same transaction or series of transactions as the underlying mortgage and note. Moreover, it appears that the alleged contract was in fact provided to and considered by the state court in the State Action.

16

collection case instituted in every state . . . ."  <u>See</u>
Opposition at 3.

Since the instant claims arise out of the same
transaction or series of transactions as the claims made in the
State Action, the instant claims meet the "same claim"
requirement under the doctrine of res judicata.  <u>See</u> <u>Kauhane</u>, 71
Haw. at 464; <u>but see</u> <u>Ellis v. Crockett</u>, 51 Haw. 45, 451 P.2d 814
(Haw. 1969) (finding claims made subsequent to foreclosure action
were not the same claims for purposes of res judicata, but
finding that collateral estoppel barred the second action).
Moreover, the Court notes that any claim that Plaintiffs could
raise in the future based on this same underlying transaction or
series of transactions (involving execution of the mortgage and
note and actions taken pursuant to their terms) would similarly
meet this "same claim" test.[12]

It is of no consequence that Ms. Spinney may not have
raised her current breach and fraud claims in the State Action
because res judicata precludes not only the issues which were

---

[12]In the Opposition, Plaintiffs make vague reference to
violations of 15 U.S.C. § 1601, <u>et seq.</u>, including the Fair Debt
Collection Practices Act, the Fair Credit Reporting Act, and the
Fair Credit Billing Act.  <u>See</u> Opposition at 4.  Even if
Plaintiffs had alleged these violations in the Complaint, they
would be barred by res judicata because they should have been
raised in the State Action.  Moreover, these claims would likely
be time barred.  <u>See, e.g.</u>, 15 U.S.C. § 1681p (Fair Credit
Reporting Act statute of limitations expires two years after
discovery); 15 U.S.C. § 1692k(d) (one year statute of limitations
under Fair Debt Collection Practices Act).

actually litigated in the first action, but also all grounds of claim and defense which might have been properly litigated in the first action, even where those grounds were not actually litigated or decided.  See Bush, 81 Haw. at 480; Santos, 64 Haw. at 652; see also Silver, 63 Haw. 437.[13/]  Ms. Spinney could have properly raised and litigated her current claims in the State Action pursuant to the Hawaii courts' rules governing counterclaims.  See Hawaii Rule of Civil Procedure 13 (compulsory counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; permissive counterclaim need not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim).  Had Ms. Spinney raised and prevailed on her breach of contract or fraud claims in the State Action, Greenwich would not have been entitled to foreclosure.[14/]

---

[13/]In the State Action, Ms. Spinney made a counterclaim that was dismissed with prejudice.  It is unclear to this Court at this time what claim Ms. Spinney was asserting in that counterclaim (and whether it may have been the same claim that Plaintiffs' are making in this federal action).  If it was the identical claim, that claim is clearly the "same claim" under this res judicata standard.

[14/]To the extent that the Complaint could be read to allege that Defendants committed breach of contract or fraud by failing to return the note to Ms. Spinney after foreclosure, the Court notes that even if true, failure to return the note would not constitute a breach of contract or fraud because the original note need not be returned to the mortgagor after foreclosure. See Industry Mortgage Co., L.P. v. Smith, 94 Haw. 502, 511, 17 P.3d 851, 860 (Haw. Ct. App. 2001).

For these reasons, the Court finds that Plaintiffs in this federal action are asserting the "same claims" as the State Action.

### 2.   Same Parties

Res judicata requires that the parties to the second action are the same as, or in privity with, the parties to the first action.  See Bush, 81 Haw. at 479-480; Santos, 64 Haw. at 651.  Under Hawaii law, the "concept of privity has moved from the conventional and narrowly defined meaning of 'mutual or successive relationship[s] to the same rights of property' to 'merely a word used to say that the relationship between one who is a party of record and another is close enough to include that other within res adjudicata.'"  Dowsett Trust, 7 Haw. App. at 646 (citing Comment, Nonparties and Preclusion by Judgment: The Privity Rule Reconsidered, 56 Cal. L. Rev. 1098, 1102 (1968)). The party asserting res judicata has the burden of proving that the interests of the nonparty were adequately represented and that the nonparty's rights were afforded proper protection in the prior action.  Dowsett Trust, 7 Haw. App. at 646; Pedrina, 906 F. Supp. at 1399-1400.

According to Mr. Spinney's representations at the hearing, Plaintiffs in this case are mother and son.  Ms. Spinney was a party in the State Action but her son, Mr. Spinney, was not.  A close family relationship is one factor that a court may

19

consider in determining privity, but such ties alone are not sufficient to bind a nonparty to a judgment.  See Dowsett Trust, 7 Haw. App. at 646; Pedrina, 906 F. Supp. at 1400.  The Court finds that Mr. Spinney's interests were adequately represented in the State Action by Ms. Spinney because the fact that he is bringing the current lawsuit to gain possession (with his mother) of the foreclosed property demonstrates that his interests in the State Action were the same as hers: to avoid foreclosure of the property.[15/]  The Court also finds that Mr. Spinney's rights were

---

[15/]A real estate financing statement amendment was recorded in the Hawaii Bureau of Conveyances in September 2003, purporting to add Mr. Spinney as a secured party of record to Ms. Spinney's debts and/or property.  See Exhibit A to Supplement to Plaintiffs' Opposition.  This assignment, although filed after the property was foreclosed upon (the foreclosure sale was held on May 27, 2003 and confirmed on September 14, 2003) and thus presumably invalid to the extent it purports to affect the mortgage, note, or property, is evidence that Mr. and Ms. Spinney are in privity.  An assignment of lease of the foreclosed property was recorded in the Hawaii Bureau of Conveyances in April 2004 (with a recitation that the leasehold was transferred from Ms. Spinney to Mr. Spinney on September 8, 2003), similarly demonstrating privity between Ms. Spinney and Mr. Spinney.  See Exhibit J to Supplement to Plaintiffs' Opposition.

The Court notes that Mr. Spinney appears to have suffered no direct harm as a result of Defendants' actions.  Since the purported assignments did not take place until after the property had been foreclosed upon, the only alleged harm to Mr. Spinney appears to be the harm alleged to his mother.  The Court notes that although it is unnecessary to reach the issue in this case because the Court has already found that it lacks subject matter jurisdiction, Mr. Spinney appears to lack standing to bring this lawsuit.  See National Audubon Society, Inc. v. Davis, 307 F.3d 835, 848 (9th Cir. 2002) (to establish standing, a plaintiff must show that: (1) he has "suffered an 'injury-in-fact' to a legally protected interest;" the "injury must be both 'concrete and particularized' and 'actual or imminent,' as opposed to 'conjectural or hypothetical;'" (2) there is a "causal connection

afforded proper protection in the State Action for this same reason and because the trial on the merits ensured that all of the issues were fully and fairly addressed and resolved.  See Dowsett Trust, 7 Haw. App. at 647 (full and fair trial is not a requirement for the application of res judicata, but it strengthens a finding of fairness in binding a non-party because it increases the probability that the issues have been fully addressed and resolved).

Only one of the named defendants in this federal case (Greenwich) was a named defendant in the State Action.  The remaining defendants (Ocwen Federal Bank, the law firm, and the two attorneys) either testified in support of the named defendant or represented the named defendant in the State Action; these defendants agree that their interests were adequately represented and their rights were afforded proper protection in the State Action.  In fact, the Complaint sets forth no allegations against the law firm or attorneys specifically.

Accordingly, the Court finds that the parties in this federal action are identical to or in privity with the parties in the State Action.

---

between the injury and the challenged statute;" and (3) it is "likely that the injury will be 'redressed by a favorable decision'") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### 3.   Final Judgment

For res judicata to apply, the prior action must have resulted in a final decision on the merits.  See Bush, 81 Haw. at 480; Santos, 64 Haw. at 653.  The State Action resulted in such a final decision on the merits: the judge held a bench trial and issued Findings of Undisputed Fact, Conclusions of Law and Order on March 17, 2003.  After the foreclosure, the court issued an Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds and for a Writ of Possession in the same case.  It appears that both orders were appealed and both appeals were dismissed.  See Def. Con. St., Ex. A (docket sheet in State Action).  Thus, the State Action resulted in a final decision on the merits.

Accordingly, the Court finds that the State Action resulted in a final judgment on the merits involving the same claims and same parties or their privies.  Therefore, the claims in this federal action are barred by the Hawaii doctrine of res judicata.

### B.   Collateral Estoppel Analysis

In addition to being barred by the doctrine of res judicata, Plaintiffs' claims are barred by the included doctrine of collateral estoppel.  See Bush, 81 Haw. at 480 (collateral estoppel is "an included doctrine" of res judicata and subject to

22

the same three-pronged test).  The "same parties" and "final judgment" tests are the same under both doctrines and the Court has already found those tests have been met in the instant case.[16]  The "same issue" question is slightly different under collateral estoppel than as examined above pursuant to the doctrine of res judicata.  "In contrast to res judicata, collateral estoppel does not bar litigation of all claims that were or could have been asserted.  Rather, it only prevents a party from relitigating an issue which was actually raised, litigated and decided in the prior action."  Pedrina, 906 F. Supp. at 1402; see also Bush, 81 Haw. at 480.

The basis of Plaintiffs' breach of contract claim in this federal action is that Defendants breached the contract by making it appear that Ms. Spinney would be in default if she did not repay the mortgage and note pursuant to the schedule set forth in the agreement, but that the mortgage and note did not – by their terms – require Ms. Spinney to make those payments.  See Complaint at 2-3.[17]  Ms. Spinney's claim, therefore, relies on

---

[16]/Unlike res judicata, collateral estoppel may also be used defensively to bar a party from re-litigation of an issue in some circumstances where both parties are not the same.  See Aga, 78 Haw. at 248.  This action does not involve such a defensive use of collateral estoppel and thus the "same parties" analysis here is identical to the analysis contained in the discussion of res judicata.

[17]/Plaintiffs claim damages for the amounts Ms. Spinney paid towards the mortgage and note, plus damages for her impaired credit history, based on the allegation that Ms. Spinney was not

the fact that she was not in default.  These issues, however, were actually raised, litigated, and decided in the prior action. After the conclusion of the bench trial, the judge found that Ms. Spinney did in fact breach the mortgage and note by neglecting to pay certain required sums.  <u>See</u> Findings of Undisputed Fact, Conclusions of Law and Order at 3.  The judge found that Ms. Spinney defaulted on the mortgage and note.  <u>Id.</u>  The judge found that Greenwich did not breach the mortgage or note and that their actions did not justify Ms. Spinney's nonperformance.  <u>See id.</u> at 4.  The judge also found that Greenwich was entitled to foreclosure of the mortgage and sale of the property.  <u>Id.</u> at 4–5.  Based on these findings made in the State Action, this Court finds that the issues underlying Plaintiffs' breach of contract claim have already been raised, litigated, and decided against Ms. Spinney in the State Action.  <u>See</u> <u>Ellis</u>, 51 Haw. 45, 57 (finding collateral estoppel bars plaintiff from relitigating issues underlying breach of contract claim where those issues were decided in prior suit granting foreclosure).  Pursuant to the doctrine of collateral estoppel, these issues underlying the State Action may not be attacked in this federal action through Plaintiffs' breach of contract claim.

---

required under the terms of the mortgage and note to actually make the scheduled payments to Defendants.  <u>See</u> Complaint at 2–3.

The issues underlying Plaintiffs' fraud claim are likewise barred from relitigation by the doctrine of collateral estoppel.  The basis of Plaintiffs' fraud claim (in addition to those issues just discussed) is that Greenwich was not the owner or holder of the mortgage and note.  <u>See</u> Complaint at 4.  This exact issue was raised, litigated, and decided in the State Action.  After the conclusion of the bench trial, the judge found that Greenwich was the owner and holder of the mortgage and note.  <u>See</u> Findings of Undisputed Fact, Conclusions of Law and Order at 2-3.  Based on these findings made in the State Action, this Court finds that the issues underlying Plaintiffs' fraud claim have already been raised, litigated, and decided against Ms. Spinney in the State Action.  Pursuant to the doctrine of collateral estoppel, these issues underlying the State Action may not be attacked in this federal action through Plaintiffs' fraud claim.

Accordingly, the Court finds that Plaintiffs' claims are barred by collateral estoppel.

## IV.  Greenwich

In the Opposition, Plaintiffs move the Court for a default judgment against Greenwich, the named defendant who has not joined in the instant Motion to Dismiss and/or for Summary Judgment.  <u>See</u> Opposition at 2.  Plaintiffs have never effectuated service upon Greenwich in this case.  <u>See</u> Fed. R.

Civ. P. 4.  Plaintiffs attach a partial certified mail receipt to their Opposition as proof of service on Greenwich, but that receipt does not demonstrate service because it does not show delivery confirmation.  See Opposition at Exhibit; see also Declaration of Guy C. Zukeran at ¶ 13 (declaring that copy of Complaint and "Notice of Lawsuit/Request for Waiver" addressed to Greenwich was delivered to Clay Chapman Crumpton Iwamura & Pulice) (April 20, 2006); Motion at 2 n.2 (noting that the law firm has no authority to accept service on behalf of Greenwich). Plaintiffs attach a certified mail delivery confirmation receipt demonstrating delivery to "Greenwich Capital Financial Products Inc./Ocwen Federal Bank FSB," but that delivery was made to Ocwen Federal Bank in Florida and not to Greenwich.  See Supplement to Plaintiffs' Opposition at Exhibits.  Greenwich has not appeared in this case.  Since service has not been effectuated on Greenwich, the Court denies Plaintiffs' request for default judgment.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court finds it appropriate to dismiss Greenwich without prejudice for lack of service.  However, the Court finds that the analysis in this order would apply equally to Greenwich as to other defendants.  First, dismissal for lack of subject matter jurisdiction is warranted because Plaintiffs have not alleged a federal question or complete diversity (although Greenwich itself

may be diverse from Plaintiffs).  Second, amendment of the

Complaint against Greenwich would be futile because Plaintiffs'

claims against Greenwich are barred by res judicata and

collateral estoppel.  For these reasons, the Court finds that re-

filing or amendment of the Complaint against Greenwich would be

futile and it is appropriate to dismiss the claims against

Greenwich with prejudice.  See Steckman, 143 F.3d 1293, 1298.

## CONCLUSION

The Court grants Defendants' motion to dismiss for lack

of subject matter jurisdiction.  The Court finds that amendment

of the Complaint against the moving Defendants would be futile

because res judicata and collateral estoppel bar the claims.  Due

to this futility, the Court dismisses the Complaint with

prejudice as to all claims against the moving Defendants.

Additionally, the Court finds that the analysis

contained in this order applies equally to the non-moving

defendant, Greenwich; therefore, the Court dismisses with

prejudice the Complaint against Greenwich as well.  In summary,

the Complaint is dismissed with prejudice in its entirety as to

all defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 2, 2006.



_____
Alan C. Kay
Sr. United States District Judge

SPINNEY v. GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., ET AL., Civ. No. 05-00747 ACK/KSC, ORDER DISMISSING COMPLAINT WITH PREJUDICE.